**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antonio GARCIA, Defendant–Appellant.**

No. 03–11967
Non–Argument Calendar.
D.C. Docket No. 02–20093–CR–KMM.

United States Court of Appeals,
Eleventh Circuit.

Sept. 14, 2005.

Lisette M. Reid, Anne R. Schultz, Lisa A. Hirsch, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Paul Morris, Law Offices of Paul Morris, P.A., Miami, FL, for Defendant–Appellant.

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

PER CURIAM:

Last year we affirmed the appellant's conviction and sentence for drug conspiracy. *United States v. Garcia,* 99 Fed.Appx. 885 (11th Cir.2004) (unpublished). The case is back before us on remand from the Supreme Court for further consideration in light of *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The appellant did not raise any *Booker*-related issue in his brief to this court. The first time he raised any *Booker*-related issue in any court was in his certiorari petition to the Supreme Court. For that reason, our decision on this remand is controlled by *United States v. Dockery,* 401 F.3d 1261 (11th Cir.2005) (per curiam), which held in materially identical circumstances that the appellant was procedurally barred from relief on the *Booker* issue because of his failure to raise the issue when the case was first before us. *Id.* at 1262–63; *see also United States v. Levy,* 416 F.3d 1273 (11th Cir.2005) (per curiam); *United States v. Pipkins,* 412 F.3d 1251, 1251 (11th Cir.2005) (per curiam); *United States v. Ardley,* 242 F.3d 989, 990 (11th Cir.2001) (per curiam).

Accordingly, we reinstate our previous opinion in this case affirming the conviction and sentence.

OPINION REINSTATED; AFFIRMED.

TJOFLAT, Circuit Judge, specially concurring.

The court declines to consider appellant's *Booker* claim on the merits because appellant failed to present the claim in his initial brief on appeal. Binding precedent requires us to disregard the claim for that

reason. *See United States v. Ardley*, 242 F.3d 989, *reh'g en banc denied*, 273 F.3d 991 (11th Cir.2001), and its progeny, e.g., *United States v. Dockery*, 401 F.3d 1261 (11th Cir.2005), cited by the court. Ante at ——. I therefore concur in the court's judgment. Were we writing on a clean slate, I would, for the reasons I have previously expressed, entertain appellant's *Booker* claim on the merits. *See United States v. Higdon*, 418 F.3d 1136 (11th Cir. 2005).